COURT OF APPEALS

EIGHTH DISTRICT OF TEXAS

EL PASO, TEXAS




ALBERTSON'S L.L.C. AND
ALBERTSON'S, INC.,


 Appellants,


v.



ANDREW DOSS,


 Appellee.
§


 


§


 


§


 


§


 


§


 


 § 


No. 08-08-00249-CV



Appeal from the


448th Judicial District Court


of El Paso County, Texas 


(TC# 2007-348) 



MEMORANDUM OPINION


 Pending before the Court is a joint motion to dismiss this appeal pursuant to
Tex.R.App.P. 42.1(a)(2). The parties represent in their motion that they have reached an
agreement to settle and compromise their differences and request that this Court: (1) dismiss the
appeal; (2) set aside the trial court's judgment without regard to the merits; and (3) remand the
case to the trial court for dismissal in accordance with the parties' agreement.

 Rule 42.1(a)(2) permits the appellate court to dispose of an appeal in accordance with an
agreement signed by the parties or their attorneys and filed with the clerk. This joint motion
seeks dismissal of the appeal and remand for entry of further orders by the trial court, in
accordance to the settlement. While this Court may dismiss an appeal pursuant to an agreement
by the parties, we are not permitted to dismiss and remand for further proceedings. Rule
42.1(a)(2) provides, in pertinent part, that this Court may: 

 (A) render judgment effectuating the parties' agreements;


 (B) set aside the trial court's judgment without regard to the merits and
remand the case to the trial court for rendition of judgment in accordance
with the agreements; or 


 (C) abate the appeal and permit proceedings in the trial court to effectuate the
agreement.


Tex.R.App.P. 42.1(a)(2).


 Therefore, we will construe this motion as one pursuant to Rule 42.1(a)(2)(B), and
GRANT the parties' motion to set aside the trial court's judgment without regard to the merits
and remand the case to the trial court for rendition of judgment in accordance with the
agreement. Furthermore, as the parties have agreed, costs on appeal shall be taxes against the
party incurring the same. See Tex.R.App.P. 42.1(d).




October 2, 2008

 DAVID WELLINGTON CHEW, Chief Justice


Before Chew, C.J., McClure, and Carr, JJ.

Carr, J., Not Participating